[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The matter comes to this court by way of a complaint for a dissolution of marriage and other relief dated July 7, 2001, and returnable August 7, 2001. The parties were married on February 4, 1975, and they have two children now grown. The defendant husband ("husband") is President and CEO of Howmet Corporation, a division of Alcoa of which he is also a vice president, and resides in Norwalk, Connecticut. The plaintiff wife ("wife") does not work outside the home and resides in the jointly-owned property in Yarmouth, Massachusetts. Throughout the marriage, the husband had his paychecks deposited into the joint checking account from which the wife paid the family bills. On or about September of last year, the husband stopped this practice and commencing in October began to pay his wife between $4,800.00 and $5,100.00 per month. By way of motion dated October 17, 2001, the wife seeks pendente lite alimony retroactive to the date of said motion, as well as an allowance to prosecute. The court notes and has taken into consideration the husband's expenditures for the college education of the two adult children. The court heard the parties over the course of two days. Prior to testimony on the second day, the parties entered a Stipulation dated December 17, 2001, dividing the husband's bonus anticipated in January/February 2002.
 FINDINGS
The Court, having heard the testimony of both parties, and having considered the evidence presented at hearing, as well as the factors enumerated in §§ 46b-40, 46b-51, 46b-62, 46b-63, 46b-82, and 46b-87 of the Connecticut General Statutes, hereby makes the following findings:
 1. That the husband's base salary is $372,000.00 per annum (including a $24,000 raise in November); and that in addition thereto, he is eligible for other CT Page 3857 cash and non-cash compensation from his principal employment.
 2. That since October 2001, the husband has been making voluntary support payments to the wife in the amount of between $4,800.00 and $5,100 per month; and that it is equitable and appropriate that he receives a credit against his obligations pursuant to this order for any such payments to the wife commencing January 1, 2002.
 3. That the husband has access to ample liquid assets; and that it is equitable and appropriate that he contributes to the attorneys fees of the wife pendente lite.
 ORDER
The foregoing motion (#102) having been heard, it is HEREBY GRANTED, and orders shall enter as follows:
 1. Commencing effective January 1. 2002, and monthly thereafter, the husband shall pay to the wife the sum of $12,000.00 as and for periodic alimony pendente lite, with due credit for any voluntary monthly payments to her since January 1, 2002 but not to exceed $5,100.00 per month, until the death of either party or further order of court, whichever shall sooner occur. In addition, commencing effective January 1, 2002, for so long as he has an outstanding pendente lite alimony obligation to the wife, within two (2) weeks after receipt by the husband of any additional cash compensation from his employment (including but not limited to any bonus or incentive compensation, but specifically excluding any monies received pursuant to the Stipulation dated December 17, 2001), the husband shall pay to the wife 30% of the gross amount of such additional cash compensation in excess of his normal base compensation, until the death of either party or further order of court, whichever shall sooner occur. IT IS FURTHER ORDERED that the arrearage created by this order shall be paid by the husband at the rate of $1000.00 per month commencing April 1, 2002 until paid in full.
 2. Commencing April 1, 2002, the wife shall be CT Page 3858 responsible for her living expenses, including the carrying charges for the Yarmouth, Massachusetts property, including the mortgage (if any), real estate taxes and assessments, and homeowner's insurance.
 3. Within two (2) weeks from the date hereof, the husband shall pay to the firm of Schoonmaker, George 
Cohn, PC, on behalf of the wife, from the marital assets the sum of fifteen thousand dollars ($15,000.00) as and for an allowance for attorney fees and costs incurred to date and which may be incurred in the future to prosecute this action.
 4. The Court hereby orders an Immediate Wage Withholding Order pursuant to General Statutes § 52-362 in order to secure the payment of the alimony order.
 THE COURT
SHAY, J.